IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THOMAS KLEIN, | : | Case No. 1:06-cv-164 |
| | : | |
| Petitioner, | : | District Judge Susan J. Dlott |
| | : | |
| v. | : | Magistrate Judge Timothy Black |
| | : | |
| SIMON LEIS, JR., | : | ORDER ADOPTING REPORT AND |
| | : | RECOMMENDATION AND |
| Respondent. | : | DENYING PETITION FOR |
| | : | HABEAS RELIEF |

This matter is before the Court on the Magistrate Judge's Report and Recommendation on *pro se* Petitioner Thomas Klein's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Report") (doc. #20) and Klein's Objections[1] (docs. ##s 21, 22.)  For the reasons below, the Court **OVERRULES** the Objections (docs. ##s 21, 22); **ADOPTS** the Report (doc. #20); and accordingly **DENIES** Klein's Petition for Writ of Habeas Corpus (doc. #3).

**I.     BACKGROUND**

Klein has petitioned to vacate his upcoming state criminal trial, scheduled to begin on June 5, 2006,[2] on the grounds that subjecting him to retrial after his original February 2006 trial ended

---

[1] Klein has filed two substantively similar pleadings since the entry of the Report, both of which the Court has construed as objections.  The first is captioned "Notification of Criminal Fraud Perpetrated on this Court; Motion to Request Verification from Court Reporter; Motion to Request Evidentiary Hearing; [and] Motion to Request Emergency Stay of State Court Proceedings."  (Doc. #21.)  The second is captioned "Notification of Fraudulent Documents Submitted to this Court; Motion to Order Proper Verification of Transcripts; Motion to Provide an Evidentiary Hearing; [and] Motion for Emergency Stay of State Court trial."  (Doc. #22.)

[2] Respondent Simon Leis has not filed any response to Klein's objections, and his response time has not yet run.  See doc. #20 at 26 (citing in part Fed. R. Civ. P. 72(b)).  Because the Court must resolve the double jeopardy issue before Klein is retried, and because Leis is on record as concurring with the Report's substantive recommendation that Klein's Petition be denied, see doc.

in a mistrial would violate the Double Jeopardy Clause of the Fifth Amendment to the Constitution. (See doc. #3 at 5.) The Clause, however, does not bar reprosecution after a mistrial if the mistrial was justified by some "manifest necessity" to preserve the ends of public justice. U.S. v. DiFrancesco, 449 U.S. 117, 130 (1980); Arizona v. Washington, 434 U.S. 497, 506 (1978). The Report finds that Klein's trial judge "exercised sound discretion in declaring a mistrial that was justified by manifest necessity," and also did not unreasonably apply the manifest necessity standard in denying Klein's subsequent motion to dismiss his upcoming retrial. (Doc. #20 at 24.)

Klein's trial judge declared a mistrial after Klein, during his *pro se* opening statement at the original trial, said the following:

> The point I was trying to make is that they – I'm already being treated like I'm Hannibal Lector[3] here, or you may see me fidget in my seat a little. I can't sit all the way back in my chair because I got this electrical shocker strapped to me.

(See doc.#12 Ex. 1 (hereinafter "tr.") at 48-49.) In the course of these remarks, Klein lifted his shirt to reveal his stun belt to the jury. (Doc. #12, opinion on granting motion for mistrial (hereinafter "mistrial op.") at 1-3; see also doc. #20 at 22.) Klein was then an estimated 25 to 30 minutes into a statement during which – over the prosecution's objections and the trial judge's admonishments – he had repeatedly mischaracterized the evidence and law and appealed to the jury's sympathies by portraying himself as the innocent victim of a corrupt justice system. (See, e.g., doc. #20 at 2-3, 12, 16-19 and citations.)

---

#12, the Court finds it need not wait for Leis' response time to run before issuing this Order.

[3] The Court takes judicial notice of the fact that the theatrical film *Silence of the Lambs* (Orion Pictures, 1991) featured a serial murderer character named Hannibal Lector (or Lecter). See, e.g., http://www.imdb.com/title/tt0102926/ (last visited May 26, 2006).

The trial judge, in his opinion explaining the mistrial ruling, explained that Mr. Klein had attempted to "confuse the jury" with his initial remarks – thus prejudicing the prosecution – and gone on, by exposing his belt, to prejudice himself. (See id. at 12-13 and citations.) The judge reasoned that while he could have issued a curative instruction directing the jury to disregard the stun belt, that would have required him to explain why Klein was wearing the stun belt, and by extension "that Klein had been found to be a maximum security risk for escape." (Doc. #12, mistrial op. at 7-9.) He concluded that such an instruction would have been "plain error," albeit error invited by Klein, and that the mistrial was therefore "the only way to preserve the right to a fair and impartial trial to the defendant and the State" once the "sum and substance" of Klein's opening had "compromised" that right. (Id.)

The Magistrate Judge concurs with the trial judge's analysis, finding ample support in the trial record for a finding that jurors were potentially biased by Klein's actions. (Doc. #20 at 20-24.)

## II. OBJECTIONS

Klein objects to the Report on both procedural and substantive grounds, alleging both that the Magistrate Judge reviewed a fraudulent trial record and that the true record does not show that there was "manifest necessity" for a mistrial.[4] His objections are not well taken.

### A. Transcript Forgery and Evidentiary Hearing Request

---

[4] Klein also complains, more broadly, that the trial judge offered "shifting rationales" for his mistrial declaration and – in denying Klein's motion to dismiss his retrial – revealed himself to be irrevocably biased against Klein's double jeopardy arguments. (See, e.g., doc. #21 at 4, 10; doc. #22 at 4.) These complaints are unavailing now that this Court has determined, on independent review, that the trial judge did not unreasonably apply double jeopardy law in either declaring a mistrial or denying Klein's dismissal motion.

Klein's primary contention is that the Magistrate Judge's findings are based on a partially fabricated trial transcript and that this Court must stay the June 5th retrial to allow Klein to conduct an evidentiary hearing on what actually happened in the courtroom at the time his mistrial.[5] Specifically, Klein alleges that the following exchange – which appears in the transcript immediately after Klein's reference to his stun belt and the prosecution's objection – never took place:

| | |
|---|---|
| Court : | Okay |
| Mr. Klein: | I can't show the jury? |
| Mr. Butler: | All right. At this point in time, the state is going to request a mistrial. He's obviously gone way past – |
| The Court: | You want to argue? |
| Mr. Klein: | Yes, I would like to argue. They can't know what I did? Is this some kind of secret? |
| The Court: | Granted. Mistrial is granted. |
| Mr. Klein: | Okay. |
| The Court. | Try it again. |
| Mr. Klein: | They don't want you to see the facts as reality. I didn't know it was some kind of illegal thing to show them the shocker. |
| (The jury leaving the courtroom at 11:50 a.m.) | |
| (Proceedings concluded.) | |

(See, e.g., doc. #21 at 1-2 (citing doc. #12, tr. at 48-49.)

Klein contends that the prosecution's motion for a mistrial was in fact "granted instantly," "[s]o quick in fact that, I don't remember the prosecutor asking for one, before the judge declared "It's Over," and immediately leaving [sic] the bench." (Doc. #21 at 2; see also doc. #22 at 7.) As such, according to Klein, he had no opportunity to argue against the mistrial before it was declared. (Doc. #21 at 2.) Klein reasons that the transcript must be forged not only because it contradicts his memory, but because his service copy does not bear the court reporter's signature – suggesting, to him, that the reporter hesitated to acquiesce in the alleged fraud. (Id. at 1; see also doc. #22 at 1-2,

---

[5] Klein also requests "a properly binding verification" from his trial court reporter "as to the veracity of the trial transcripts," and any other appropriate relief. (See, e.g., doc. #21 at 11.)

4

7-8.) He argues that he is now entitled to call his former trial jurors to attest to what they observed on the day of the mistrial. (Doc. #21 at 3-6; doc. #22 at 6-8.)

Klein's objection lacks merit. A state habeas petitioner is not entitled to develop facts in a federal evidentiary hearing unless he can show either that the failure to develop the requested facts has caused him "actual prejudice"[6] or that a "fundamental miscarriage of justice would result" if no hearing is held. See, e.g., Keeney v. Tamayo-Reyes, 504 U.S. 1, 11-12 (1992). Even assuming that Klein's trial jurors could be subpoenaed, and that their testimony validated Klein's recollection of events, it would not alter the legal result here. The Magistrate Judge readily concedes that – even under the allegedly fraudulent extended transcript cited above – Klein had no real "opportunity to argue against a mistrial at the point it was actually declared . . . ." (Doc. #20 at 20.) He further reasons that little "useful purpose would have been served by halting the trial to hear argument" at that point, because the trial judge could have reasonably concluded that Klein's misconduct had already so prejudiced the jury that "it was too late to 'unring the bell'" and avoid mistrial for "manifest necessity". (Id.) This Court, upon its own review of the record and law on "manifest necessity," sees no reason to depart from the Magistrate Judge's thorough and persuasive analysis.

### B. "Manifest Necessity" Finding

Klein also challenges the substantive analysis in the Magistrate Judge's Report, reasoning that there was no "manifest necessity" for a mistrial because his improper remarks and display of his stun belt could not have significantly prejudiced the jury against either his or the State's case. Klein argues that his exposure of the stun belt was not prejudicial because a defendant's face and body may sometimes be properly offered as physical evidence and he was simply trying to explain

---

[6] The "actual prejudice" test also requires the petitioner to show cause for his failure to develop the facts in earlier state-court proceedings. Keeney, 504 U.S. at 11-12.

5

an odd body posture that would already have been apparent to the jury.. (See, e.g., doc. #21 at 3-4, 8-10; doc. #22 at 3-4.) He reasons that there was thus no need for any curative instruction that would have required the judge to explain that Klein was regarded as a security risk, potentially further prejudicing the jury against him. (See, e.g., doc. #21 at 3-4, 8-10.) As to his improper remarks, Klein suggests that he was merely trying to correct certain misstatements and/or suppressions of fact by the prosecution. (See, e.g., doc. #21 at 3-4.)

Again, the Court finds no reason to depart from the Magistrate Judge's conclusions. With respect to his exposure of the stun belt and complaint that he was "being treated like I'm Hannibal Lector," Klein overlooks the fact that otherwise proper evidence may be excluded where its potential to prejudice a jury substantially outweighs its probative value. See Fed. R. Evid. 403. As the Magistrate Judge notes, a number of federal courts including the United States Supreme Court have found that visible restraints may interfere with a jury's ability to faithfully apply the presumption of innocence. (See doc. #20 at 21-22 and citations.) Some courts have found nontraditional restraints like stun belts to be particularly prejudicial, in that they may suggest some "unique force" is necessary to control the defendant. (Id. at 22 (citing United States v. Durham, 287 F.3d 1297, 1306 (11th Cir. 2002).) Given these established (and persuasive) precedents, Klein's *post-hoc* assertion that it was unreasonable for the trial judge to fear *his* jury would be prejudiced is unavailing.

As for the other improper remarks Klein made throughout his opening statement, the majority appear blatantly self-serving or paranoid. As such, they may not have meaningfully prejudiced the prosecution's case and could arguably even have bolstered it by undermining Klein's credibility. However, it appears that at least a few remarks – like those suggesting that the judge

6

would have necessarily denied any defense request for a jury view and that the prosecution had destroyed evidence that was in fact properly discarded and not requested during discovery – *could* have unfairly turned some jurors against the prosecution. (See, e.g., doc. #20 at 17 (citing doc. #12, Ex. 1 at 38-41, 46.) The potential prejudice these remarks brought on the State – combined with the almost certain prejudice Klein brought on himself by exposing his stun belt – gave the trial judge ample grounds on which to conclude that a mistrial was manifestly necessary.

### III. CONCLUSION

For the reasons above, the Court **OVERRULES** Klein's Objections (docs. ##s 21, 22) and **ADOPTS** the Magistrate's thorough and well-reasoned Report (doc. #20) in its entirety. Klein's Petition (doc. #3) is therefore **DENIED**.

IT IS SO ORDERED.

                                                            ___s/Susan J. Dlott___
                                                            Susan J. Dlott
                                                            United States District Judge